JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| CRAIG YATES; and DREES | Thai Me Up, Inc.; Big Heart City, LLC; and Kanika Chakkaphak |
| **(b)** County of Residence of First Listed Plaintiff  Marin County (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  San Francisco County (IN U.S. PLAINTIFF CASES ONLY) NOTE.  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED |
| **(c)** Attorney's (Firm Name, Address, and Telephone Number)  Thomas E. Frankovich, APLC 4328 Redwood Hwy., Suite 300, San Rafael, CA 94903 Tele: (415) 674-8600 Fax: (415) 674-9900 | Attorneys (If Known)  08-4574EMC  ORIGINAL |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question (U.S. Government Not a Party)
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                    and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance [ ] 120 Marine [ ] 130 Miller Act [ ] 140 Negotiable Instrument [ ] 150 Recovery of Overpayment & Enforcement of Judgment [ ] 151 Medicare Act [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) [ ] 153 Recovery of Overpayment of Veteran's Benefits [ ] 160 Stockholders' Suits [ ] 190 Other Contract [ ] 195 Contract Product Liability [ ] 196 Franchise | **PERSONAL INJURY** [ ] 310 Airplane [ ] 315 Airplane Product Liability [ ] 320 Assault, Libel & Slander [ ] 330 Federal Employers' Liability [ ] 340 Marine [ ] 345 Marine Product Liability [ ] 350 Motor Vehicle [ ] 355 Motor Vehicle Product Liability [ ] 360 Other Personal Injury | **PERSONAL INJURY** [ ] 362 Personal Injury — Med Malpractice [ ] 365 Personal Injury — Product Liability [ ] 368 Asbestos Personal Injury Product Liability **PERSONAL PROPERTY** [ ] 370 Other Fraud [ ] 371 Truth in Lending [ ] 380 Other Personal Property Damage [ ] 385 Property Damage Product Liability | [ ] 610 Agriculture [ ] 620 Other Food & Drug [ ] 625 Drug Related Seizure of Property 21 USC 881 [ ] 630 Liquor Laws [ ] 640 R.R. & Truck [ ] 650 Airline Regs [ ] 660 Occupational Safety/Health [ ] 690 Other **LABOR** [ ] 710 Fair Labor Standards Act [ ] 720 Labor/Mgmt Relations [ ] 730 Labor/Mgmt Reporting & Disclosure Act [ ] 740 Railway Labor Act [ ] 790 Other Labor Litigation [ ] 791 Empl Ret Inc Security Act | [ ] 422 Appeal 28 USC 158 [ ] 423 Withdrawal 28 USC 157 **PROPERTY RIGHTS** [ ] 820 Copyrights [ ] 830 Patent [ ] 840 Trademark **SOCIAL SECURITY** [ ] 861 HIA (1395ff) [ ] 862 Black Lung (923) [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI [ ] 865 RSI (405(g)) **FEDERAL TAX SUITS** [ ] 870 Taxes (U.S. Plaintiff or Defendant) [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 400 State Reapportionment [ ] 410 Antitrust [ ] 430 Banks and Banking [ ] 450 Commerce [ ] 460 Deportation [ ] 470 Racketeer Influenced and Corrupt Organizations [ ] 480 Consumer Credit [ ] 490 Cable/Sat TV [ ] 810 Selective Service [ ] 850 Securities/Commodities/ Exchange [ ] 875 Customer Challenge 12 USC 3410 [ ] 890 Other Statutory Actions [ ] 891 Agricultural Acts [ ] 892 Economic Stabilization Act [ ] 893 Environmental Matters [ ] 894 Energy Allocation Act [ ] 895 Freedom of Information Act [ ] 900 Appeal of Fee Determination Under Equal Access to Justice [ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** [ ] 210 Land Condemnation [ ] 220 Foreclosure [ ] 230 Rent Lease & Ejectment [ ] 240 Torts to Land [ ] 245 Tort Product Liability [ ] 290 All Other Real Property | **CIVIL RIGHTS** [ ] 441 Voting [ ] 442 Employment [ ] 443 Housing/ Accommodations [ ] 444 Welfare [X] 445 Amer w/Disabilities — Employment [ ] 446 Amer w/Disabilities — Other [ ] 440 Other Civil Rights | **PRISONER PETITIONS** [ ] 510 Motions to Vacate Sentence **Habeas Corpus:** [ ] 530 General [ ] 535 Death Penalty [ ] 540 Mandamus & Other [ ] 550 Civil Rights [ ] 555 Prison Condition | **IMMIGRATION** [ ] 462 Naturalization Application [ ] 463 Habeas Corpus — Alien Detainee [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from another district (specify)
- [ ] 6  Multidistrict Litigation
- [ ] 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)
Brief description of cause.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)

(PLACE AND "X" IN ONE BOX ONLY)

[ ] SAN FRANCISCO/OAKLAND    [X] SAN JOSE

DATE
September 12, 2008

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS
8

**ORIGINAL
FILED**

OCT   1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



9

10                UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12  CRAIG YATES, an individual; and              )   **C 08     4574**
    DISABILITY RIGHTS, ENFORCEMENT, )   **CASE NO.**
13  EDUCATION, SERVICES:HELPING YOU)   **Civil Rights**
14  HELP OTHERS, a California public benefit )
    corporation,                               )   **COMPLAINT FOR INJUNCTIVE RELIEF
                                               )   AND DAMAGES:**
15          Plaintiffs,                        )
                                               )   **1st CAUSE OF ACTION:** For Denial of Access
16  v.                                         )   by a Public Accommodation in Violation of the
                                               )   Americans with Disabilities Act of 1990 (42
17  THAI ME UP, INC., a California             )   U.S.C. §12101, *et seq.*)
    corporation; BIG HEART CITY, LLC; and )
18  KANIKA CHAKKAPHAK, an individual )   **2nd CAUSE OF ACTION:** For Denial of Full
    dba VIDEO CAFE,                            )   and Equal Access in Violation of California
19                                             )   Civil Code §§54, 54.1 and 54.3
20          Defendants.                        )
                                               )   **3rd CAUSE OF ACTION:** For Denial of
21                                                 Accessible Sanitary Facilities in Violation of
                                                   California Health & Safety Code §19955, *et seq.*
22
                                                   **4th CAUSE OF ACTION:** For Denial of
23                                                 Access to Full and Equal Accommodations,
                                                   Advantages, Facilities, Privileges and/or
24                                                 Services in Violation of California Civil Code
                                                   §51, *et seq.* (The Unruh Civil Rights Act)
25

26                                                 **DEMAND FOR JURY**

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT,
2  EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
3  corporation (hereinafter sometimes referred to as "DREES"), complain of defendants THAI ME
4  UP, INC., a California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK,
5  an individual dba VIDEO CAFE and allege as follows:

6  **INTRODUCTION:**

7    1.    This is a civil rights action for discrimination against persons with physical
8  disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are
9  members, for failure to remove architectural barriers structural in nature at defendants' VIDEO
10  CAFE, a place of public accommodation, thereby discriminatorily denying plaintiffs and the
11  class of other similarly situated persons with physical disabilities access to, the full and equal
12  enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and
13  accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the
14  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,
15  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16    2.    Plaintiff CRAIG YATES is a person with physical disabilities who, on or about
17  June 13, 2008, July 23, 2008 and August 29, 2008, was an invitee, guest, patron, customer at
18  defendants' VIDEO CAFE, in the City of San Francisco, California.  At said time and place,
19  defendants failed to provide proper legal access to the cafe, which is a "public accommodation"
20  and/or a "public facility" including, but not limited to the entrance, cash register counter, dining
21  area, men's restroom and women's restroom. The denial of access was in violation of both
22  federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his
23  civil rights to full and equal access, and was embarrassed and humiliated.

24  **JURISDICTION AND VENUE:**

25    3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.
26  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*
27  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same
28  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  California law, whose goals are closely tied with the ADA, including but not limited to violations

2  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

3  *seq.*, including §19959; Title 24 California Building Standards Code.

4      4.      **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

5  founded on the facts that the real property which is the subject of this action is located at/near

6  5700 Geary Boulevard, in the City and County of San Francisco, State of California, and that

7  plaintiffs' causes of action arose in this county.

8  **PARTIES:**

9      5.      Plaintiff CRAIG YATES is a "physically handicapped person", a "physically

10 disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

11 disabled", "physically handicapped" and "person with physical disabilities" are used

12 interchangeably, as these words have similar or identical common usage and legal meaning, but

13 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

14 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other

15 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

16 CRAIG YATES is a "person with physical disabilities", as defined by all applicable California

17 and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a

18 wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of

19 that portion of the public whose rights are protected by the provisions of Health & Safety Code

20 §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped

21 Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the

22 Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C.

23 §12101, *et seq.*

24      6.      Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

25 HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

26 with persons with disabilities to empower them to be independent in American society. DREES

27 accomplishes its goals and purposes through education on disability issues, enforcement of the

28 rights of persons with disabilities, and the provision of services to persons with disabilities, the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   general public, public agencies and the private business sector.  DREES brings this action on

2   behalf of its members, many of whom are persons with physical disabilities and whom have

3   standing in their right to bring this action.

4          7.       That members of DREES, like plaintiff CRAIG YATES, will or have been guests

5   and invitees at the subject VIDEO CAFE, and that the interests of plaintiff DREES in removing

6   architectural barriers at the subject café advance the purposes of DREES to assure that all public

7   accommodations, including the subject cafe, are accessible to independent use by mobility-

8   impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in

9   nature.

10          8.       Defendants THAI ME UP, INC., a California corporation; BIG HEART CITY,

11   LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFE (hereinafter alternatively

12   collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or

13   agents of the owners, lessors and/or lessees, of the public accommodation known as VIDEO

14   CAFE, located at/near 5700 Geary Boulevard, San Francisco,  California, or of the building

15   and/or buildings which constitute said public accommodation.

16          9.       At all times relevant to this complaint, defendants THAI ME UP, INC., a

17   California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual

18   dba VIDEO CAFE, own and operate in joint venture the subject VIDEO CAFÉ as a public

19   accommodation.  This business is open to the general public and conducts business therein.  The

20   business is a "public accommodation" or "public facility" subject to the requirements of

21   California Civil Code §§51, 51.5 and 54, *et seq* ,  Health and Safety code §19955, *et seq.,* and the

22   ADA, 42 U.S.C. §12101, *et seq.*

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1      10.  At all times relevant to this complaint, defendants THAI ME UP, INC., a

2  California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual

3  dba VIDEO CAFE are jointly and severally responsible to identify and remove architectural

4  barriers at the subject VIDEO CAFÉ pursuant to Code of Federal Regulations title 28, section

5  36.201(b), which states in pertinent part:

6            § **36.201**      **General**

7                  (b) *Landlord and tenant responsibilities.* Both the landlord
               who owns the building that houses a place of public
8                 accommodation and the tenant who owns or operates the place of
               public accommodation are public accommodations subject to the
9                 requirements of this part.  As between the parties, allocation of
               responsibility for complying with the obligations of this part may
10                 be determined by lease or other contract.

11            28 CFR §36.201(b)

12  **PRELIMINARY FACTUAL ALLEGATIONS:**

13      11.  The VIDEO CAFE, is a restaurant, located at/near 5700 Geary Boulevard, San

14  Francisco, California.  The VIDEO CAFE, its entrance, cash register counter, dining area, men's

15  restroom, women's restroom, and its other facilities are each a "place of public accommodation

16  or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.

17  On information and belief, each such facility has, since July 1, 1970, undergone "alterations,

18  structural repairs and additions", each of which has subjected the VIDEO CAFE and each of its

19  facilities, its entrance, cash register counter, dining area, men's restroom and women's restroom

20  to disability access requirements per the Americans with Disabilities Act Accessibility

21  Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

22      12.  At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

23      13.  At all times referred to herein and continuing to the present time, defendants, and

24  each of them, advertised, publicized and held out the VIDEO CAFÉ as being handicapped

25  accessible and handicapped usable.

26      14.  On or about June 13, 2008, July 23, 2008 and August 29, 2008, plaintiff CRAIG

27  YATES was an invitee and guest at the subject VIDEO CAFÉ, sometimes alone, and on one (1)

28  occasion with friends, for the purpose of food and beverage.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    15.    On or about June 13, 2008, plaintiff CRAIG YATES wheeled to VIDEO CAFÉ.
2  Plaintiff CRAIG YATES struggled to open one (1) of the two (2) front doors. The doors were
3  too narrow. Plaintiff CRAIG YATES stressed and strained himself trying to angle through a
4  door.

5    16.    At said time and place, plaintiff CRAIG YATES entered and was seated at a
6  round inaccessible table.

7    17.    At said time and place, plaintiff CRAIG YATES needed to use an accessible
8  restroom. Plaintiff CRAIG YATES struggled with the men's restroom door. The men's
9  restroom was not accessible. Plaintiff CRAIG YATES had to block the door with his
10  wheelchair. Plaintiff CRAIG YATES stressed and strained himself attempting to exit the
11  restroom.

12    18.    On or about July 1, 2008, plaintiff CRAIG YATES wrote the landlord and the
13  tenant about the access issues. Plaintiff CRAIG YATES did not receive a response.

14    19.    On or about July 23, 2008, plaintiff CRAIG YATES returned to VIDEO CAFÉ.
15  Once again, plaintiff CRAIG YATES struggled to enter the VIDEO CAFÉ through the double
16  doors.

17    20.    At said time and place, plaintiff CRAIG YATES was seated at an inaccessible
18  table. The round tables lacked the required depth for a wheelchair user.

19    21.    On or about August 15, 2008, plaintiff CRAIG YATES wrote two (2) more
20  letters. One addressed to the owner of the building and the other to the manager. Plaintiff
21  CRAIG YATES thought there may have been a change in ownership and enclosed his first
22  letter(s). Plaintiff CRAIG YATES did not receive a response to this letter either.

23    22.    On or about August 29, 2008, almost two (2) months since plaintiff CRAIG
24  YATES's initial letter(s) to the landlord and the tenant, plaintiff CRAIG YATES took two (2) of
25  his friends to the VIDEO CAFÉ. Plaintiff CRAIG YATES was curious if any barriers had been
26  removed.

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6

1    23.    At said time and place, as plaintiff CRAIG YATES and his guests approached the
2  entrance, a police officer opened a door for plaintiff CRAIG YATES and his guests. Plaintiff
3  CRAIG YATES entered.  His party of three (3) comprising himself, Erika Noli and Izamar
4  Espinal, were seated at an inaccessible booth.  Plaintiff CRAIG YATES was seated in his
5  wheelchair in the aisle next to the booth.

6    24.    At said time and place, plaintiff CRAIG YATES needed to use a restroom.
7  Plaintiff CRAIG YATES wheeled toward the men's restroom, but his path of travel was blocked
8  by trays and a large trash can.  Plaintiff CRAIG YATES wheeled back to the cashier's counter
9  and explained how the hallway was blocked.  A food server came and cleared the path for
10  plaintiff CRAIG YATES to access the restroom(s).

11    25.    At said time and place, plaintiff CRAIG YATES wheeled to the men's restroom.
12  Plaintiff CRAIG YATES was unable to completely enter the restroom.  Plaintiff CRAIG YATES
13  had to block the door in order to cath.  Plaintiff CRAIG YATES struggled to exit the restroom.

14    26.    At all times stated herein, plaintiff CRAIG YATES approached a cash register
15  counter which appeared to be too high.

16    27.    Therefore, at said time(s) and place, plaintiff CRAIG YATES, a person with a
17  disability, encountered the following inaccessible elements of the subject VIDEO CAFÉ which
18  constituted architectural barriers and a denial of the proper and legally-required access to a public
19  accommodation to persons with physical disabilities including, but not limited to:

20             a.    lack of an accessible entrance due to narrow double doors and excessive
                     door pressure;
21
               b.    lack of handicapped accessible cash register counter;
22
               c.    lack of an accessible dining area; 5% compliance requirement;
23
               d.    lack of a handicapped-accessible women's public restroom;
24
               e.    lack of a handicapped-accessible men's public restroom; and
25
               f.    On personal knowledge, information and belief, other public facilities and
26                   elements too numerous to list were improperly inaccessible for use by
                     persons with physical disabilities.
27  ///

28  ///

1          28.     At all times stated herein, the existence of architectural barriers at defendants'

2  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

3  with the Americans with Disabilities Act of 1990 either then, now or in the future.

4          29.     On or about July 1, 2008 and August 15, 2008, defendant(s) were sent four (4)

5  letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural

6  barriers, requesting a response within 14 days and requesting remedial measures be undertaken

7  within 90 days or an explanation of why the time limit set could not be met and/or extenuating

8  circumstances. Said letters are attached hereto collectively as exhibit "A" and incorporated by

9  reference as though fully set forth herein. Defendants' failure to respond evidenced an intent not

10  to seek or engage in an early and reasonable resolution of the matter.

11         30.     At all times stated herein, defendants, and each of them, did not act as reasonable

12  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not

13  removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from

14  receiving the same goods and services as able bodied people and some of which may and did pose

15  a threat of harm and/or personal injury to people with disabilities. Therefore as a legal result of

16  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered

17  bodily injury.

18         31.     As a legal result of defendants THAI ME UP, INC., a California corporation; BIG

19  HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFE's failure

20  to act as a reasonable and prudent public accommodation in identifying, removing or creating

21  architectural barriers, policies, practices and procedures that denied access to plaintiffs and other

22  persons with disabilities, plaintiffs suffered the damages as alleged herein.

23         32.     As a further legal result of the actions and failure to act of defendants, and as a

24  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

25  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

26  CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

27  disabilities to full and equal access to public facilities, and further suffered bodily injury on or

28  about June 13, 2008, July 23, 2008 and August 29, 2008, including, but not limited to, fatigue,

1 | stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over,
2 | around and through architectural barriers. Specifically, as a legal result of defendants negligence
3 | in the design, construction and maintenance of the existing double door entrance (June 13, 2008
4 | and July 23, 2008), and the men's restroom door and entry area (June 13, 2008 and August 29,
5 | 2008). Plaintiff suffered continuous, repetitive and cumulative trauma to his upper extremities
6 | while attempting to enter the café and/or use the men's restroom.

7 |     33.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,
8 | mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
9 | embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
10 | person with physical disabilities being denied access, all to his damages as prayed hereinafter in
11 | an amount within the jurisdiction of this court. No claim is being made for mental and emotional
12 | distress over and above that usually associated with the discrimination and physical injuries
13 | claimed, and no expert testimony regarding this usual mental and emotional distress will be
14 | presented at trial in support of the claim for damages.

15 |     34.    Defendants', and each of their, failure to remove the architectural barriers
16 | complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public
17 | accommodation, and continues to create continuous and repeated exposure to substantially the
18 | same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

19 |     35.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights
20 | to equal access to a public facility by defendants THAI ME UP, INC., a California corporation;
21 | BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFE ,
22 | because defendants THAI ME UP, INC., a California corporation; BIG HEART CITY, LLC; and
23 | KANIKA CHAKKAPHAK, an individual dba VIDEO CAFÉ maintained a cafe without access
24 | for persons with physical disabilities to its facilities, including but not limited to the entrance, cash
25 | register counter, dining area, men's restroom, women's restroom and other public areas as stated
26 | herein, and continue to the date of filing this complaint to deny equal access to plaintiffs and other
27 | persons with physical disabilities in these and other ways.

28 | ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1       36.    On information and belief, construction alterations carried out by defendants have

2   also triggered access requirements under both California law and the Americans with Disabilities

3   Act of 1990.

4       37.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the VIDEO

5   CAFE to be made accessible to meet the requirements of both California law and the Americans

6   with Disabilities Act of 1990, whichever is more restrictive, so long as defendants operate the cafe

7   as a public facility.

8       38.    Plaintiffs seek damages for violation of their civil rights on June 13, 2008,

9   July 23, 2008 and August 29, 2008, and they seek statutory damages of not less than $4,000,

10   pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day

11   after his visit that the trier of fact (court/jury) determines was the date that some or all remedial

12   work should have been completed under the standard that the landlord and tenant had an ongoing

13   duty to identify and remove architectural barriers where it was readily achievable to do so, which

14   deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of

15   his knowledge and/or belief that neither some or all architectural barriers had been removed and

16   that said premises remains inaccessible to persons with disabilities whether a wheelchair user or

17   otherwise.

18       39.    On information and belief, defendants have been negligent in their affirmative duty

19   to identify the architectural barriers complained of herein and negligent in the removal of some or

20   all of said barriers.

21       40.    Because of defendants' violations, plaintiffs and other persons with physical

22   disabilities are unable to use public facilities such as those owned and operated by defendants on a

23   "full and equal" basis unless such facility is in compliance with the provisions of the Americans

24   with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

25   other accessibility law as plead herein. Plaintiffs seek an order from this court compelling

26   defendants to make the VIDEO CAFE accessible to persons with disabilities.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    41.    On information and belief, defendants have intentionally undertaken to modify and
2  alter existing building(s), and have failed to make them comply with accessibility requirements
3  under the requirements of ADAAG and Title 24. The acts and omission of defendants, and each
4  of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit
5  and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried
6  out by defendants, and each of them, with a willful and conscious disregard for the rights and
7  safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as
8  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of
9  defendants, and each of them, to other operators of other cafes and other public facilities, and to
10  punish defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54.

11    42.    Plaintiffs are informed and believe and therefore allege that defendants THAI ME
12  UP, INC., a California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an
13  individual dba VIDEO CAFE, and each of them, caused the subject building(s) which constitute
14  the VIDEO CAFÉ to be constructed, altered and maintained in such a manner that persons with
15  physical disabilities were denied full and equal access to, within and throughout said building(s)
16  of the VIDEO CAFÉ and were denied full and equal use of said public facilities. Furthermore, on
17  information and belief, defendants have continued to maintain and operate said cafe and/or its
18  building(s) in such conditions up to the present time, despite actual and constructive notice to
19  such defendants that the configuration of the café and/or its building(s) is in violation of the civil
20  rights of persons with physical disabilities, such as plaintiff CRAIG YATES, the membership of
21  plaintiff DREES and the disability community which DREES serves. Such construction,
22  modification, ownership, operation, maintenance and practices of such public facilities are in
23  violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42
24  U.S.C. §12101, *et seq.*

25    43.    On personal knowledge, information and belief, the basis of defendants' actual and
26  constructive notice that the physical configuration of the facilities including, but not limited to,
27  architectural barriers constituting the VIDEO CAFE and/or building(s) was in violation of the
28  civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited to,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other
2  restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon
3  modification, improvement, or substantial repair of the subject premises and other properties
4  owned by these defendants, newspaper articles and trade publications regarding the Americans
5  with Disabilities Act of 1990 and other access laws, public service announcements by former U.S.
6  Attorney General Janet Reno between 1993 and 2000, and other similar information.  Defendants'
7  failure, under state and federal law, to make the café accessible is further evidence of defendants'
8  conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.
9  Despite being informed of such effect on plaintiff and other persons with physical disabilities due
10 to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused
11 to take any steps to rectify the situation and to provide full and equal access for plaintiffs and
12 other persons with physical disabilities to the cafe. Said defendants, and each of them, have
13 continued such practices, in conscious disregard for the rights of plaintiffs and other persons with
14 physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants
15 had further actual knowledge of the architectural barriers referred to herein by virtue of the
16 demand letter addressed to the defendants and served concurrently with the summons and
17 complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other
18 persons with physical disabilities, constitutes despicable conduct in conscious disregard of the
19 rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of
20 treble damages per Civil Code §§52 and 54.3.

21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1      44.    Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and

2   the disability community which it serves, consisting of persons with disabilities, would, could and

3   will return to the subject public accommodation when it is made accessible to persons with

4   disabilities.

5   **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
          ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

6   **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

7   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
    corporation and Against Defendants THAI ME UP, INC., a California corporation; BIG

8   HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFÉ,

9   inclusive)
       (42 U.S.C. §12101, *et seq.*)

10      45.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

11   allegations contained in paragraphs 1 through 44 of this complaint.

12      46.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

13   §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

14   protect:

15              some 43 million Americans with one or more physical or mental
                disabilities; [that] historically society has tended to isolate and
16              segregate individuals with disabilities; [that] such forms of
                discrimination against individuals with disabilities continue to be a
17              serious and pervasive social problem; [that] the nation's proper
                goals regarding individuals with disabilities are to assure equality of
18              opportunity, full participation, independent living and economic
                self-sufficiency for such individuals; [and that] the continuing
19              existence of unfair and unnecessary discrimination and prejudice
                denies people with disabilities the opportunity to compete on an
20              equal basis and to pursue those opportunities for which our free
                society is justifiably famous.
21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    47.    Congress stated as its purpose in passing the Americans with Disabilities Act of

2    1990 (42 U.S.C. §12102):

3              It is the purpose of this act (1) to provide a clear and comprehensive
               national mandate for the elimination of discrimination against
4              individuals with disabilities; (2) to provide clear, strong, consistent,
               enforceable standards addressing discrimination against individuals
5              with disabilities; (3) to ensure that the Federal government plays a
               central role in enforcing the standards established in this act on
6              behalf of individuals with disabilities; and (4) to invoke the sweep
               of Congressional authority, including the power to enforce the 14th
7              Amendment and to regulate commerce, in order to address the
               major areas of discrimination faced day to day by people with
8              disabilities.

9    48.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336

10   (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

11   Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public

12   accommodations identified for purposes of this title was:

13              (7)    PUBLIC ACCOMMODATION - The following private
               entities are considered public accommodations for purposes of this
14             title, if the operations of such entities affect commerce -

                              ---

15
               (B) a restaurant, bar or other establishment serving food or drink.
16
         42 U.S.C. §12181(7)(B)
17
     49.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against
18
     on the basis of disability in the full and equal enjoyment of the goods, services, facilities,
19
     privileges, advantages, or accommodations of any place of public accommodation by any person
20
     who owns, leases, or leases to, or operates a place of public accommodation."
21

22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

50.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

        (I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

        (ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

        (iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

        (iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

        (v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

51.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of VIDEO CAFÉ pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 individual barrier complained of herein was "readily achievable." On information and belief,
2 defendants' failure to remove said barriers was likewise due to discriminatory practices,
3 procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

4     52.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
5 accomplishable and able to be carried out without much difficulty or expense." The statute
6 defines relative "expense" in part in relation to the total financial resources of the entities
7 involved. Plaintiffs allege that properly repairing, modifying, or altering each of the items that
8 plaintiffs complain of herein were and are "readily achievable" by the defendants under the
9 standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was
10 not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
11 make the required services available through alternative methods which were readily achievable.

12     53.     On information and belief, construction work on, and modifications of, the subject
13 building(s) of VIDEO CAFE occurred after the compliance date for the Americans with
14 Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
15 the ADA.

16     54.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et
17 seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
18 Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
19 basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
20 are about to be subjected to discrimination in violation of §302. Plaintiffs are deterred from
21 returning to or making use of the public facilities complained of herein so long as the premises
22 and defendants' policies bar full and equal use by persons with physical disabilities.

23     55.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a
24 disability to engage in a futile gesture if such person has actual notice that a person or
25 organization covered by this title does not intend to comply with its provisions." Pursuant to this
26 section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about
27 August 29, 2008, but on information and belief, alleges that defendants have continued to violate
28 the law and deny the rights of plaintiffs and of other persons with physical disabilities to access

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of

2 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

3 facilities readily accessible to and usable by individuals with disabilities to the extent required by

4 this title".

5     56.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

6 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

7 the Americans with Disabilities Act of 1990, including but not limited to an order granting

8 injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being

9 deemed to be the prevailing party.

10     Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

11 **II. SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**

12 (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

13 corporation, and Against Defendants THAI ME UP, INC., a California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFÉ,

14 inclusive)

(California Civil Code §§54, 54.1, 54.3, *et seq.*)

15

16     57.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the

17 allegations contained in paragraphs 1 through 56 of this complaint.

18     58.     At all times relevant to this action, California Civil Code §54 has provided that

19 persons with physical disabilities are not to be discriminated against because of physical handicap

20 or disability. This section provides that:

21         (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways,

22 sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

59. California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

60. California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

///

///

///

///

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    61.    Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons

2 within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by

3 the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific

4 architectural barrier which defendants knowingly and willfully fail and refuse to remove

5 constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and

6 continue to be denied full and equal access to defendants' VIDEO CAFE. As a legal result,

7 plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance

8 with California Civil Code §54.3(a) for each day on which they visited or have been deterred from

9 visiting the VIDEO CAFE because of their knowledge and belief that the café is inaccessible to

10 persons with disabilities. California Civil Code §54.3(a) provides:

11             Any person or persons, firm or corporation, who denies or interferes
              with admittance to or enjoyment of the public facilities as specified
12             in Sections 54 and 54.1 or otherwise interferes with the rights of an
              individual with a disability under Sections 54, 54.1 and 54.2 is
13             liable for each offense for the actual damages and any amount as
              may be determined by a jury, or the court sitting without a jury, up
14             to a maximum of three times the amount of actual damages but in
              no case less than . . .one thousand dollars ($1,000) and . . .
15             attorney's fees as may be determined by the court in addition
              thereto, suffered by any person denied any of the rights provided in
16             Sections 54, 54.1 and 54.2.

17             Civil Code §54.3(a)

18    62.    On or about June 13, 2008, July 23, 2008 and August 29, 2008, plaintiff CRAIG

19 YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was

20 denied access to the entrance, cash register counter, dining area, men's restroom, women's

21 restroom and other public facilities as stated herein at the VIDEO CAFÉ and on the basis that

22 plaintiff CRAIG YATES was a person with physical disabilities.

23    63.    As a result of the denial of equal access to defendants' facilities due to the acts and

24 omissions of defendants, and each of them, in owning, operating and maintaining these subject

25 public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

26 rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical

27 discomfort, bodily injury on or about June 13, 2008, July 23, 2008 and August 29, 2008,

28 including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   transferring up, on, down, to, over, around and through architectural barriers. Specifically, as a
2   legal result of defendants negligence in the design, construction and maintenance of the existing
3   entrances and men's restroom (as stated in paragraph 32). Plaintiff CRAG YATES suffered
4   continuous, repetitive and cumulative trauma to his upper extremities while attempting to enter
5   the café and enter and exit the men's restroom.

6       64.   Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
7   anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
8   and worry, all of which are expectedly and naturally associated with a denial of access to a person
9   with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and
10  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are
11  persons or an entity that represents persons with physical disabilities and unable, because of the
12  architectural barriers created and maintained by the defendants in violation of the subject laws, to
13  use the public facilities hereinabove described on a full and equal basis as other persons.

14      65.   Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
15  and seeks the relief that is afforded by Civil Code §§54 and 54.1 and 54.3 for violation of
16  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
17  about June 13, 2008, July 23, 2008 and August 29, 2008, and on a continuing basis since then,
18  including statutory damages, a trebling of all of actual damages, general and special damages
19  available pursuant to §54.3 of the Civil Code according to proof.

20      66.   As a result of defendants', and each of their, acts and omissions in this regard,
21  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
22  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
23  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
24  the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all
25  reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
26  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also
27  to compel the defendants to make their facilities accessible to all members of the public with

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

2  the provisions of §1021.5 of the Code of Civil Procedure.

3      Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

4  **III.**    **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY**
        **FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

5      (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

6      corporation and Against Defendants THAI ME UP, INC., a California corporation; BIG
    HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFÉ,

7      inclusive)

8      (Health & Safety Code §19955, *et seq.*)

9      67.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

10  allegations contained in paragraphs 1 through 66 of this complaint.

11      68.    Health & Safety Code §19955 provides in pertinent part:

12      The purpose of this part is to insure that public accommodations or
    facilities constructed in this state with private funds adhere to the

13      provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
    of Title 1 of the Government Code. For the purposes of this part

14      "public accommodation or facilities" means a building, structure,
    facility, complex, or improved area which is used by the general

15      public and shall include auditoriums, hospitals, theaters, restaurants,
    hotels, motels, stadiums, and convention centers. When sanitary

16      facilities are made available for the public, clients or employees in
    such accommodations or facilities, they shall be made available for

17      the handicapped.

18      69.    Health & Safety Code §19956, which appears in the same chapter as §19955,

19  provides in pertinent part, "accommodations constructed in this state shall conform to the

20  provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

21  Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

22  public accommodations constructed or altered after that date. On information and belief, portions

23  of the VIDEO CAFÉ and/or of the building(s) were constructed and/or altered after July 1, 1970,

24  and substantial portions of the subject café and/or the building(s) had alterations, structural

25  repairs, and/or additions made to such public accommodations after July 1, 1970, thereby

26  requiring said café and/or building to be subject to the requirements of Part 5.5, §19955, *et seq.*,

27  of the Health & Safety Code upon such alteration, structural repairs or additions per Health &

28  Safety Code §19959.

1       70.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State
2 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,
3 1982, Title 24 of the California Building Standards Code adopted the California State Architect's
4 Regulations and these regulations must be complied with as to any alterations and/or
5 modifications of VIDEO CAFÉ and/or the building(s) occurring after that date. Construction
6 changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant
7 to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.
8 On information and belief, at the time of the construction and modification of said building, all
9 buildings and facilities covered were required to conform to each of the standards and
10 specifications described in the American Standards Association Specifications and/or those
11 contained in Title 24 of the California Building Standards Code.

12       71.    Cafes such as the VIDEO CAFE are "public accommodations or facilities" within
13 the meaning of Health & Safety Code §19955, *et seq*.

14       72.    As a result of the actions and failure to act of defendants, and as a result of the
15 failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were
16 denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'
17 civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to
18 public facilities.

19       73.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,
20 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
21 plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with
22 physical disabilities and prohibiting discrimination against the persons with physical disabilities,
23 and to take such action both in plaintiffs' own interests and in order to enforce an important right
24 affecting the public interest. Plaintiffs, therefore, seek in this lawsuit the recovery of all
25 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure
26 §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953
27 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and
28 litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2 |     74.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

3 | them, to make the subject place of public accommodation readily accessible to and usable by

4 | persons with disabilities.

5 |     Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

6 | **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

7 | **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51,** *ET SEQ.* **(THE UNRUH CIVIL RIGHTS ACT)**

8 | (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

9 | corporation, and Against Defendants THAI ME UP, INC., a California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFÉ,

10 | inclusive)

    (Civil Code §51, 51.5)

11 |

12 |     75.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

13 | allegations contained in paragraphs 1 through 74 of this complaint.

14 | ///

15 | ///

16 | ///

17 | ///

18 | ///

19 | ///

20 | ///

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      76.     Defendants' actions and omissions and failure to act as a reasonable and prudent

2 public accommodation in identifying, removing and/or creating architectural barriers, policies,

3 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act. The

4 Unruh Act provides:

5                   This section shall be known, and may be cited, as the Unruh
Civil Rights Act.

6

7                   All persons within the jurisdiction of this state are free and
equal, and no matter what their sex, race, color, religion, ancestry,
national origin, or **disability** are entitled to the full and equal

8        accommodations, advantages. facilities. privileges, or services in all
business establishments of every kind whatsoever.

9

10                   This section shall not be construed to confer any right or
privilege on a person that is conditioned or limited by law or that is
applicable alike to persons of every sex, color, race, religion,

11       ancestry, national origin, or **disability.**

12                   Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or

13     modification of any sort whatsoever, beyond that construction,
alteration. repair, or modification that is otherwise required by other

14     provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything

15     in this section be construed to augment, restrict, or alter in any way
the authority of the State Architect to require construction,

16     alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other . . . laws.

17

18                   A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) shall
also constitute a violation of this section.

19

20 As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21 "intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

22 failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23 failing to act to identify and remove barriers can be construed as a "negligent per se" act of

defendants, and each of them.

24 ///

25 ///

26 ///

27 ///

28

1    77.    The acts and omissions of defendants stated herein are discriminatory in nature and

2  in violation of Civil Code §51.5:

3              No business establishment of any kind whatsoever shall
              discriminate against, boycott or blacklist, refuse to buy from, sell to,
4              or trade with any person in this state because of the race, creed,
              religion, color, national origin, sex, or **disability** of the person or of
5              the person's partners, members, stockholders, directors, officers,
              managers, superintendents, agents, employees, business associates,
6              suppliers, or customers.

7              As used in this section, "person" includes any person, firm
              association, organization, partnership, business trust, corporation,
8              limited liability company, or company.

9              Nothing in this section shall be construed to require any
              construction, alteration, repair, structural or otherwise, or
10             modification of any sort whatsoever, beyond that construction,
              alteration, repair or modification that is otherwise required by other
11             provisions of law, to any new or existing establishment, facility,
              building, improvement, or any other structure . . . nor shall anything
12             in this section be construed to augment, restrict or alter in any way
              the authority of the State Architect to require construction,
13             alteration, repair, or modifications that the State Architect otherwise
              possesses pursuant to other laws.
14
      78.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal
15
   accommodations, advantages, facilities, privileges and services in a business establishment, on the
16
   basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
17
   Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
18
   right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
19
   shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of
20
   their above cause of action for violation of the Americans with Disabilities Act at §45, *et seq.*, as
21
   if repled herein.
22
      79.    As a legal result of the violation of plaintiff CRAIG YATES's civil rights as
23
   hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury on
24
   or about June 13, 2008, July 23, 2008 and August 29, 2008, (as stated in paragraph 32), including,
25
   but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring
26
   up, on, down, to, over, around and through architectural barriers. Specifically, as a legal result of
27
   defendants negligence in the design, construction and maintenance of the existing café entrance,
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

25

1  men's restroom entrance and area, plaintiff suffered continuous, repetitive and cumulative trauma

2  to his upper extremities while attempting to enter the restaurant and to enter and exit the restroom.

3        80.      Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all

4  to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

5  Plaintiffs CRAIG YATES and DREES are entitled to the rights and remedies of §52(a) of the

6  Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean

7  "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by

8  statute, according to proof if deemed to be the prevailing party.

9  **PRAYER:**

10        Plaintiffs pray that this court award damages and provide relief as follows:

11  **I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A
         PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

12  **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT,

13      EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
        corporation, and Against Defendants THAI ME UP, INC., a California corporation; BIG

14      HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFÉ,
        inclusive)

15      (42 U.S.C. §12101, *et seq.*)

16        1.      For injunctive relief, compelling defendants THAI ME UP, INC., a California

17  corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba

18  VIDEO CAFE, inclusive, to make the VIDEO CAFE, located at 5700 Geary Boulevard, San

19  Francisco, California, readily accessible to and usable by individuals with disabilities, per 42

20  U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility

21  criteria and procedures so as to afford full access to the goods, services, facilities, privileges,

22  advantages and accommodations being offered.

23        2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed

24  the prevailing party; and

25        3.      For such other and further relief as the court may deem proper.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On Behalf of Plaintiffs CRAIG YATES  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants THAI ME UP, INC., a California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFÉ, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling defendants THAI ME UP, INC., a California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFE, inclusive, to make the VIDEO CAFE, located at 5700 Geary Boulevard, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

3.     Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5, if plaintiffs are deemed the prevailing party;

4.     Treble damages pursuant to Civil Code §54.3;

5.     For all costs of suit;

6.     Prejudgment interest pursuant to Civil Code §3291;

7.     Such other and further relief as the court may deem just and proper.

**III. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ*.**
(On Behalf of Plaintiff CRAIG YATES, and Against Defendants THAI ME UP, INC., a California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFÉ, inclusive),
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     General and compensatory damages according to proof.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**IV. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants THAI ME UP, INC., a California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFÉ, inclusive)
(Health & Safety code §19955, *et seq.*)

1.      For injunctive relief, compelling defendants THAI ME UP, INC., a California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFE, inclusive, to make the VIDEO CAFE, located at 5700 Geary Boulevard, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

3.      For all costs of suit;

4.      For prejudgment interest pursuant to Civil Code §3291;

5.      Such other and further relief as the court may deem just and proper.

**V. PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants THAI ME UP, INC., a California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an individual dba VIDEO CAFÉ, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.      Treble damages pursuant to Civil Code §52(a);

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   4.   For all costs of suit;

2   5.   Prejudgment interest pursuant to Civil Code §3291; and

3   6.   Such other and further relief as the court may deem just and proper.

4   **VI.**  **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO**
        **FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES,**
5       **PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL**
        **CODE §51, *ET SEQ*. (THE UNRUH CIVIL RIGHTS ACT)**
6       (On Behalf of Plaintiff CRAIG YATES, and Against Defendants THAI ME UP, INC., a
        California corporation; BIG HEART CITY, LLC; and KANIKA CHAKKAPHAK, an
7       individual dba VIDEO CAFÉ, inclusive)
        (California Civil Code §§51, 51.5, *et seq.*)
8
    1.   General and compensatory damages to plaintiff CRAIG YATES according to
9
10  proof.

11
    Dated: _____9/11/08_____, 2008      THOMAS E. FRANKOVICH,
12                                        *A PROFESSIONAL LAW CORPORATION*

13

14

15                              By: _____
                                        THOMAS E. FRANKOVICH
16                                      Attorneys for Plaintiffs CRAIG YATES and
                                        DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
17                                      SERVICES:HELPING YOU HELP OTHERS, a California
                                        public benefit corporation
18
19                              **DEMAND FOR JURY TRIAL**

20      Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

    Dated: _____9/11/08_____, 2008      THOMAS E. FRANKOVICH,
21                                        *A PROFESSIONAL LAW CORPORATION*

22

23                              By: _____
24                                      THOMAS E. FRANKOVICH
                                        Attorneys for Plaintiffs CRAIG YATES and
25                                      DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,
                                        SERVICES:HELPING YOU HELP OTHERS, a California
26                                      public benefit corporation

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

29

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 1, 2008

Manager
Video Cafe
5700 Geary Blvd.
San Francisco, CA 94121

Dear Manager of Video Cafe:

Recently, I was in Video Café. As I use a wheelchair, I had a few problems that I think you can take care of. First, the double doors seem too narrow and have too much pressure. Second, there doesn't seem to be any seating to get a wheelchair all the way under. Third, I can't use the restroom. The restroom needs to be rearranged.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Video Café once it is accessible to me. I'll possibly come by when I'm in the area. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

July 1, 2008

Owner of Building
Video Cafe
5700 Geary Blvd.
San Francisco, CA 94121

Dear Owner of Building for Video Cafe:

Recently, I was in Video Café. As I use a wheelchair, I had a few problems that I think
you can take care of. First, the double doors seem too narrow and have too much pressure.
Second, there doesn't seem to be any seating to get a wheelchair all the way under. Third, I can't
use the restroom. The restroom needs to be rearranged.

I would really appreciate it if you would give me written assurance within the next two
weeks that you will take care of these problems within the next three months. I'd like a written
agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like
to come back to Video Café once it is accessible to me. I'll possibly come by when I'm in the
area. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you
need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the
federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and
ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or
have someone do it for you. You could also get a list of barriers common to places like yours
and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees,
that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can
get information on this from the two places I mentioned above. You should talk to your
accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

August 15, 2008

Manager
Thai Me Up
(Formerly "Video Cafe")
5700 Geary Blvd.
San Francisco, CA 94121

Dear Manager of Thai Me Up:

Hello, I saw the flyer at Thai Me Up so I guess you replaced Video Café. I use a
wheelchair and had a number of problems while it was Video Café. So, in case there was a
change of ownership, I'm enclosing my old letter of July 1, 2008. Please read it and let me know
this next week what's going to be done.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

August 15, 2008

Owner of Building
Thai Me Up
(Formerly "Video Cafe")
5700 Geary Blvd.
San Francisco, CA 94121

Dear Owner of Building for Thai Me Up:

Hello, I saw the flyer at Thai Me Up so I guess you replaced Video Café. I use a wheelchair and had a number of problems while it was Video Café. So, in case there was a change of ownership, I'm enclosing my old letter of July 1, 2008. Please read it and let me know this next week what's going to be done.

Sincerely,

Craig Yates